Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

FILED 05 SEP '25 11:13 USDC-ORP

_____ Division

<table>
<tr><td>

*Emmanuel Adeyeye*

_____

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

*Desiree Shepherd and Ayden Hendrick*

_____

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

Case No. *3:25-CV-1594 SB*
_____
*(to be filled in by the Clerk's Office)*

</td></tr>
</table>

## COMPLAINT AND REQUEST FOR INJUNCTION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | *Emmanuel Adeyeye* |
| Street Address | *10505 N portland Blvd - 18* |
| City and County | *portland  OR  97203* |
| State and Zip Code | |
| Telephone Number | *781 - 504 - 1191* |
| E-mail Address | *Emmanuel_Adeyeye 1980 @ gmail.com* |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

See Attachment

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

   a.    If the plaintiff is an individual

   The plaintiff, *(name)* _____ , is a citizen of the
   State of *(name)* _____ .

   b.    If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated
   under the laws of the State of *(name)* _____ ,
   and has its principal place of business in the State of *(name)*
   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of
   the State of *(name)* _____ . Or is a citizen of
   *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy--the amount the plaintiff claims the defendant owes or the amount at stake--is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

May 24, 2025

B.    What date and approximate time did the events giving rise to your claim(s) occur?

May. 24, 2025

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*



See Attachment

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

See Attachment

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Attach file

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**VI.** **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.** **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:　　8/27/.2025

Signature of Plaintiff

Printed Name of Plaintiff　　Emmanuel Adashte

**B.** **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## United States District Court

## For the District of Oregon

**Plaintiff(s):**
**Emmanuel Adeyinka**

**Vs**

**Defendant(s):**

**Officer Ayden Hendrie (#65356) (of the Portland Police Bureau, individually and in his official capacity); City of Portland, Oregon (as a municipality) Case No.: 25-132684**

## Complaint and Request for Injunction

## I. The Parties to This Complaint

**A**. **The Plaintiff(s)**
Name: Emmanuel Adeyinka
10505 N Portland Rd R-18
Portland, OR 97203
281-904-1191
Emmanuel.adeyinka1980@gmail.com

**B. The Defendant(s)**
 Defendant No. 1
   Name: Officer Ayden Hendrie (#65356)
   Job or Title (if known): Police Officer, Portland Police Bureau
   Street Address: [Address from your records]
   City and County: [City and County from your records]

State and Zip Code: [State and Zip Code from your records]
Telephone Number: [Phone Number from your records]
E-mail Address (if known): [Email Address from your records]

### C. Defendant No. 2

Name: City of Portland, Oregon
Job or Title (if known): Municipal Corporation
Street Address: [Address from your records]
* City and County: [City and County from your records]
* State and Zip Code: [State and Zip Code from your records]
* Telephone Number: [Phone Number from your records]
* E-mail Address (if known): [Email Address from your records]

### Defendant No. 3

Name: Desiree Shepherd
Job or Title (if known
Street Address 20711 NE Stark   B-211
Gresham, OR 97030
503-730-1742

## II. Basis for Jurisdiction

What is the basis for federal court jurisdiction?

Federal question

Diversity of citizenship

### A.

If the Basis for Jurisdiction Is a Federal Question

The case is a civil action brought under 42 U.S.C. § 1983 to seek redress for the deprivation of rights, privileges, and immunities secured by the Constitution of the United States. Jurisdiction is also proper pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The specific federal laws and provisions of the U.S. Constitution at issue are the Fourth Amendment and the Fourteenth Amendment.

### III. Statement of Claim

A. Where did the events giving rise to your claim(s) occur?

The events occurred in Portland, Oregon.

**B.** What date and approximate time did the events giving rise to your claim(s) occur?
The events occurred on or around May 26, 2025.

**C.** What are the facts underlying your claim(s)?

On or about May 26, 2025, Plaintiff Emmanuel Adeyinka reported to the Portland Police Bureau that his domestic partner, Desiree Shepherd, made a demonstrably false police report, maliciously accusing him of domestic violence. Adeyinka alleges that Shepherd's actions were a tactic to deflect from her own violent behavior toward him.

Adeyinka provided police with details of previous assaults allegedly committed by Shepherd, including an alleged strangulation on or around April 17, 2025; an assault resulting in a bleeding nose on or around March 11, 2025; and a punch to the forehead on or around May 10, 2025.

Despite this information, Officer Ayden Hendrie and other police officials allegedly took action based solely on Shepherd's claims without conducting an adequate investigation. The police are accused of failing to properly interview Adeyinka regarding his own allegations of assault and failing to investigate the circumstances of Shepherd's report, including her potential motive for filing a false report. Adeyinka alleges that by accepting Shepherd's false report at face value, the police acted with a deliberate or reckless indifference to the truth, which violated his Fourth and Fourteenth Amendment rights.

## IV. Irreparable Injury

The alleged actions of the defendants caused significant and irreparable harm to the plaintiff's reputation and emotional well-being. Monetary damages alone would not be sufficient to compensate for this injury.

## V. Relief

The plaintiff, Emmanuel Adeyinka, seeks a judgment against the defendants, Officer Ayden Hendrie and the City of Portland.  He requests compensatory damages, to be determined at trial, for emotional distress, damage to his reputation, and legal fees.
   He also seeks punitive damages against Officer Ayden Hendrie in his individual capacity for his alleged malicious and willful conduct. Finally, Adeyinka requests an award for his reasonable attorney's fees and litigation costs as authorized by 42 U.S.C. § 1988, and any other relief the Court deems just and proper.

## United States District Court
## District of Oregon


**Plaintiff:**
Emmanuel Adeyinka

**Vs**


**Defendant:**
Officer Ayden Hendrie (#65356) (of the Portland Police Bureau, individually and in his official capacity); City of Portland, Oregon (as a municipality)


## Stipulated Protective Order

Name: Emmanuel Adeyinka
10505 N Portland Rd R-18
Portland, OR 97203
281-904-1191
Emmanuel.adeyinka1980@gmail.com


Case No.: 25-132684

This action concerns: A civil rights lawsuit brought under 42 U.S.C. § 1983, alleging that the plaintiff's Fourth and Fourteenth Amendment rights were violated by officers of the Portland Police Bureau, who allegedly acted on a demonstrably false police report without adequate investigation. The parties anticipate exchanging documents and information related to this civil action that may contain confidential or proprietary information. The protective order is necessary to protect against the disclosure of these documents and information.

**United States District Court**
**District of Oregon**

**Civil Cover Sheet**

JS 44 (Rev. 03/24)

**I. Parties**
(a) Plaintiffs: Emmanuel Adeyinka
(a) Defendants: Officer Ayden Hendrie (#65356), City of Portland, Oregon
(b) County of Residence of First Listed Plaintiff: Multnomah County, Oregon (assuming
 Plaintiff is a resident of Portland)
 (b) County of Residence of First Listed Defendant: [Portland Police Bureau address]

**II. Basis of Jurisdiction**
Federal Question (U.S. Government Not a Party)

**IV. Nature of Suit**
 CIVIL RIGHTS
 440 Other Civil Rights
 550 Civil Rights

**V. Origin**
1 Original Proceeding

**VI. Cause of Action**
Cite the U.S. Civil Statute: 42 U.S.C. § 1983
Brief description of cause: This is a civil action seeking redress for the deprivation of
rights, privileges, and immunities secured by the United States Constitution, specifically
the Fourth and Fourteenth Amendments, by a police officer and the municipality.

**VII. Requested in Complaint**
Demand: $ [Amount to be determined at trial]
Jury Demand: Yes

**VIII. Related Case(s) If Any**
Judge: [Leave blank]
Docket Number: [Leave blank]

Signature of Attorney of Record: [Signature]
Date: [Date]

SIMPLE ASSAULT-FELONY

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

CASE NUMBER
GO 41 2025-21359

CLIENT COPY
25CR29208 Adeyinka
Discovery pgs 1-12

This Communication is for Law Enforcement use only and not for public release or release to the media. This communication remains the property of the Gresham Police Department and may not be shared without the express permission from the Office of The Chief of Police.



# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

**CASE NUMBER**
GO 41 2025-21359

## GENERAL OFFENSE

| REPORTED DATE/TIME | OCCURRED DATE/TIME | REPORTING OFFICER/DEPUTY NAME & # |
|---|---|---|
| 05/26/2025 2136 | 05/26/2025 1737 | HENDRIE, AYDEN (65356) |

| LOCATION OF INCIDENT | PLACE |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | |

| COUNTY | DISTRICT | BEAT | GRID |
|---|---|---|---|
| MULTNOMAH | GR | 112 | 19520 |

| SEVERITY | FAMILY VIOLENCE | GANG INVOLVEMENT | SPECIAL STUDY |
|---|---|---|---|
| FELONY | No | | |

| RELATED INCIDENT NUMBERS |
|---|
| CP 41 2025-21359, AB 41 2025-660 |

| TOTAL LOSS | TOTAL RECOVERED | DAMAGED TOTAL | DRUG TOTAL |
|---|---|---|---|
| | | | |

| CLEARANCE STATUS | EXCEPTIONAL CLEARANCE |
|---|---|
| | NOT APPLICABLE |

| DATE/TIME CLEARED | CLEARED BY |
|---|---|
| 05/26/2025 | 65356 - HENDRIE, AYDEN |

| INTERNAL STATUS | APPROVED BY | APPROVED ON |
|---|---|---|
| ARREST - FELONY | GODFREY, RALPH A (43846) | 05/27/2025 |

## OFFENSES [2]

| OFFENSE | STATUTE | PREMISE TYPE |
|---|---|---|
| SIMPLE ASSAULT-FELONY | 163.160 3 | Residence/Home |

| CRIMINAL ACTIVITY | WEAPON/FORCE USED |
|---|---|
| | HANDS, FEET, TEETH, ETC. |

| BIAS |
|---|
| NONE (NO BIAS) |

| OFFENSE | STATUTE | PREMISE TYPE |
|---|---|---|
| DOMESTIC VIOLENCE | | Residence/Home |

| BIAS |
|---|
| NONE (NO BIAS) |

## PERSON - ARREST CSTD #1

| NAME (LAST, FIRST MIDDLE) | SEX | RACE | DOB | AGE |
|---|---|---|---|---|
| ADEYINKA, EMMANUEL ADEWALE | Male | BLACK OR AFRICAN AMERICAN | 08/02/1980 | 44 |

| HOME ADDRESS - STREET, CITY ZIP | HEIGHT | WEIGHT | HAIR COLOR | EYES |
|---|---|---|---|---|
| UNKNOWN | 6'00 | 220 | BLACK | BROWN |

| HOME PHONE | CELL PHONE | WORK PHONE | EMAIL ADDRESS |
|---|---|---|---|
| | | | |

| DRIVERS LICENSE (STATE) | SOCIAL SECURITY NUMBER | POB |
|---|---|---|
| B198212 (OR) | | |

| EMPLOYER | WORK OR SCHOOL ADDRESS - STREET, CITY ZIP | OCCUPATION |
|---|---|---|
| | | CHAPEL ASST. |

### ARREST DATA

| ARREST DATE | ARREST TYPE |
|---|---|
| 05/26/2025 | ARREST / BOOK |

### CHARGES

| STATUTE | CHARGE DESCRIPTION | BAIL | COURT DATE |
|---|---|---|---|
| OR 163.160 3 | DV, ASSAULT IV - FELONY, C FELONY | | |
| OR 163.187 4 | DV, STRANGULATION - FELONY, C FELONY | | |
| OR 163.190 SA | DV, MENACING - SIMPLE ASSAULT, A MISDEMEANOR | | |

SIMPLE ASSAULT-FELONY

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

boyfriend (Emmanuel Adeyinka), and that he was refusing to leave her apartment. I arrived on scene and observed a female and male leaving out the front exit of the apartment building that Ekingsam told dispatch Shepherd lived in. I called out to the female, who initially was hesitant to respond and said "That's not my name" , while walking away. Shepherd and Adeyinka eventually turned around and walked toward me, and I asked if everything was okay that night. Adeyinka and Shepherd both assured me everything was fine and that they were on good terms. I spoke with Ekingsam as well, who arrived on scene shortly after I did. Ekingsam told me that Adeyinka was a violent and dangerous person and that he assaulted him in the last week because Adeyinka believed Shepherd was cheating on him with Ekingsam. As I cleared the scene and began to drive out of the complex, Shepherd walked past my patrol car. I exited my car and contacted her again, this time without Adeyinka. I asked her if she was really okay and if she could talk freely when Adeyinka was around, and she told me no. I asked if he was physically abusive towards her, and she told me he was. I used my flashlight to check for physical injury, which I did not find. I asked Shepherd if she needed help multiple times, but she refused to be a willing victim. That night I believe Shepherd allowed Adeyinka to stay at her apartment willingly. I left notes in the call to document what I had seen.

I later ran a location specific search on the apartment that Shepherd lived in, and observed that on 5/25 Shepherd had called a friend saying that Adeyinka was beating her up. The friend had called 911, prompting an officer to respond. When the officer knocked there was no answer, so the call was cleared. Initial dispatch notes from that call read:

**COMP RECEIVED PHONE CALL LAST NIGHT AT 2200 FROM FRIEND, !SHEPARD.DESIREE..40/ WHO SAID THIS GUY, EMANUEL, WAS BEATING HER UP AND TO CALL 911. HAS NOT BEEN ONLINE SINCE THEN AND COMP HAS NOT BEEN ABLE TO REACH HER. LIVES ALONE BUT THIS GUY HAS BEEN STAYING THERE. NO WEAPS IN THE HSE AS FAR AS COMPS AWARE OF**

Due to my knowledge of Adeyinka being hostile and willing to cause injury to others (Ekingsam) and physically assault Shepherd, I reasonably believed that he was going to fight us once we entered the apartment. I opened the front door of the apartment where I observed Shepherd sitting on the living room couch, and Adeyinka laying face down on Shepherd's bed asleep. I made a plan with Officer Lagan to detain Adeyinka so we could avoid a use of force situation. I placed my hand on Adeyinka's shoulder and woke him up. Adeyinka woke up and we placed him in handcuffs, double locking them and checking for proper fit after telling him he was detained. Officer Lagan took Adeyinka outside the apartment while I talked with Shepherd inside.

I asked Shepherd what happened that day. Shepherd told me that Adeyinka was "being mean to her", but then changed her statement and told me she didn't want Adeyinka to be in cuffs. She said that her and Adeyinka were okay, and that nothing happened. After some reassurance that I was there to help her, Shepherd told me that she been slapped by Adeyinka that night. Shepherd then said that she probably never should have called police,

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

and that Adeyinka said he "loves her". During my initial contact with Shepherd, I observed that she was obviously pregnant, and was visibly showing.

During my contact with Shepherd I observed a small scab or burn approximately 2cm in height and width. I asked Shepherd if it was a cigarette burn. Shepherd began breaking down and crying, nodding her head up and down. Shepherd told me Adeyinka put his cigarette out on her chest during an arguments 2-3 weeks prior. Shepherd repeatedly said that Adeyinka "loved her" and that he would often say that he hits her because he loves her and because she doesn't listen to him. Shepherd then told me that Adeyinka hits her "all the time", and that she was four months pregnant with Adeyinka's child. I observed swelling and some discoloration on Shepherd's eyebrow area, which she told me was from the slaps that she sustained that night. The swelling appeared to be a darker shade of red than her face, and looked like the swelling raised the skin above her eyes by approximately 3 cm. I also noticed a small bruise approximately 3cm tall and wide. It was unclear where this bruise came from. I took pictures of Shepherd's eyes, neck, face, and chest (where the cigarette burn was) and later lodged them at GPD as evidence.

I asked Shepherd to start from the beginning so that I had a better understanding of their relationship. Shepherd said that she had met Adeyinka approximately one year prior in July 2024. She told me that the two started to date and become sexually active around January 2025 and were together for 2-3 months before she chose to break up due to Adeyinka physically abusing her and being aggressive because he believed she was sleeping with other people. Shepherd claimed that Adeyinka would randomly hit and slap her, seemingly for no reason. Shepherd told me that on 5/24 Adeyinka and Shepherd were together in Shepherd's apartment in an effort to "rekindle their relationship". Shepherd told me that Adeyinka and her were in her bedroom when Adeyinka started accusing Shepherd of cheating on him, claiming that her unborn baby couldn't be his. Shepherd said that Adeyinka began flicking her face with his fingers, causing discomfort. Shepherd said that she told Adeyinka to stop, but that he started strangling her with his forearm against her windpipe. Shepherd told me that she "saw fireworks" and passed out, realizing that she had lost consciousness and urinated uncontrollably. Shepherd told me she woke up and that Adeyinka was gone, and that she didn't know where she was due to her losing consciousness.

Shepherd told me that she was an alcoholic and that so was Adeyinka. Shepherd said that Adeyinka enticed her with alcohol, leading to her letting him come to the apartment. Shepherd told me that she had made a plan to get clean from alcohol and go to a rehab facility, and that Adeyinka became angry at her because she was leaving him. Shepherd said that Adeyinka became frustrated and slapped her twice across the face with his right hand. Shepherd said that Adeyinka was still upset about the fact that she "cheated" on him, and said something to the effect of "Your pussy is so good that I don't want anyone else to have it... I'm gonna murder you over it". Shepherd said he made various other statements about killing her, and that the slapping was happening at the same time as these threats. Shepherd told me that Adeyinka slapped her, threatened her by saying "I'm gonna fucking kill you bitch", and then slapped her again. Shepherd said that if she was found dead that it was Adeyinka who killed her.

SIMPLE ASSAULT-FELONY

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

Shepherd told me that Adeyinka abuses alcohol heavily, and that his behavior gets worse when he drinks. Shepherd told me again that she was pregnant with Adeyinka''s child, and that he knew she was pregnant. Shepherd told me that while they are together, Adeyinka tries to control all of her daily activities. Shepherd said that Adeyinka had threatened to kill her multiple times in the past, and that the amount of violence Adeyinka subjected her to had increased with time. Shepherd said that when Adeyinka got angry he had damaged property in the past, including her cell phone in a few days prior to our contact.

During our contact, Shepherd would go back and forth between crying and breaking down and claiming that she didn't want Adeyinka to get into trouble. Shepherd told me that she had an un-served restraining order on Adeyinka, and that it hadn't been served due to deputies not knowing where he was living.

After I had developed sufficient probable cause to arrest Adeyinka, I had Officer Lagan place him into my patrol car after we searched him for weapons and means of escape. I told Adeyinka that he was under arrest for domestic assault. Adeyinka seemed very confused, and repeatedly claimed that he did nothing. Officer Lagan told me that Adeyinka did not acknowledge his rights and asked for a lawyer. I asked him him no further questions about the case. While I was placing Adeyinka in my patrol car, Shepherd came to the balcony of her apartment and yelled out that she did not want Adeyinka to go to jail.

I provided Shepherd with a victim's rights information sheet and transported Adeyinka to MCDC for DV Assault IV felony, DV Menacing, and DV Strangulation without incident.

ACTION RECOMMENDED:

Refer to D.A.'s office for prosecution.

Refer to MCSO for R.O. serving.

| ACTION TAKEN (NARRATIVE) | |
|---|---|
| AUTHOR<br>HENDRIE, AYDEN (65356) | DATE/TIME<br>05/27/2025 0102 |
| SUBJECT<br>FAMILY ABUSE SUPP | |

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

[40FAS1  ]           Multnomah County Family Abuse Supplemental       v.150319

RELATION TO SUSPECT

Type of relationship between victim and suspect is:
[NON-BLOOD RELATION       ]
Or:
[INTIMATE NOT MARRIED     ] and   [CURRENT                      ]

CHILDREN

Are all children under the care/custody/guardianship of persons involved,
whether present at the scene or not, listed as entities in the report?

[N/A ]  If no, why?  [                                                          ]
Are those children who witnessed the incident, and how they witnessed it,
noted in the narrative of the report?

[N/A ]  If no, why?  [                                                          ]
(WITNESSED = HEARD OR SAW INCIDENT HAPPEN)

Victim and suspect share a child together..... [    ]
Victim is currently pregnant.................. [ X ]
Number of children living with the victim..... [0      ]
Number of children who witnessed the incident. [0      ]
                    (List 0 if none or N/A)
Were all of the children interviewed?......... [N/A  ]
If all of the children were not interviewed, why not?

[                                                                              ]

Other [                                                                        ]

Was a referral made to DHS?......................................... [NO  ]
Was a referral made to CARES NW?.................................... [NO  ]

INCIDENT

Please answer these questions based on your observations and information
gathered from interviews with victim, children and witnesses.

Was the victim strangled during the incident?....................... [YES ]
Did suspect threaten to harm/kill anyone during this incident?...... [YES ]

Who?  [VICTIM                        ]   Other [                              ]

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

```
How?   [N/A                                                          ]
Did suspect threaten or assault victim with a weapon?.............. [NO   ]
Type of weapon?..... Gun[   ]  Knife[   ]  Other: [
]

Was the suspect using alcohol or drugs at the time?............[ALCOHOL  ]
Restraining/no contact order in place?..........................[NO      ]
If Yes, issuing county?.................... [IN PROGRESS - MCSO           ]
```

## INJURY

```
VICTIM:
Was victim visibly injured?........ [YES  ]
Description of injuries... OR > Injuries described in narrative.  [ X ]
[                                                                     ]
Were photographs taken of the victim's injuries?...................[YES  ]
Victim rates pain scale (1=MILD, 10=SEVERE, NA=Not Asked/Ansrd).....[NA  ]
Did the victim receive medical treatment?.............. [DECLINED        ]

Transported to or sought treatment at:..... [                          ]

SUSPECT:
Was suspect visibly injured?....... [NO   ]
Description of injuries... OR > Injuries described in narrative.  [   ]
[                                                                     ]
Were photographs taken of the suspect's injuries?..................[NO   ]
Did the suspect receive medical treatment?..............[NO             ]

Transported to or sought treatment at:..... [                          ]
```

## VICTIM INTERVIEW

```
If the victim was not interviewed, why? (select all that apply)

[                                                                     ]

Other [                                                               ]


Sus access to firearms?  [UKNOWN  ] Type?   [
Location? [                         ] Where? [
]

Location?  [                        ] Where? [
]
```

SIMPLE ASSAULT-FELONY

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

CASE NUMBER
GO 41 2025-21359

Location?  [                          ] Where?  [

]

Does the suspect threaten to kill anyone? [VICTIM                    ]
Last time threatened to kill anyone?...... [TODAY                    ]
How likely is suspect to assault you in next year? (1=LOW)..... [NA    ]
Does suspect abuse alcohol or drugs?........................... [ALCOHOL ]
Suspect's violence recently increased in severity/frequency?... [YES   ]
Have you recently separated or ended your relationship?........ [YES   ]
Does suspect try to control most/all your daily activities?.... [YES   ]
Does suspect spy, make unwanted visits/calls, damage property?. [YES   ]
Does the suspect ever try to choke you?........................ [YES   ]
Is the suspect currently unemployed?........................... [UNK   ]

ADDITIONAL EVIDENCE

Were pictures taken of property damage?......................... [NO    ]

If no... Why not?  [                                                   ]

Were the weapons used seized?................................... [NO    ]

If no... Why not?  [                                                   ]

Were all the witnesses interviewed?............................. [N/A   ]

If no... Why not?  [                                                   ]

Was a rape kit done?............................................ [NO    ]

If no... Why not?  [                                                   ]

SIMPLE ASSAULT-FELONY

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

**CASE NUMBER**
**GO 41 2025-21359**

**IMAGE ATTACHMENT (4667630) PIC HENDRIE**



GRESHAM POLICE DEPARTMENT
1333 NW Eastman Pkwy
Gresham, OR 97030
(503) 618-2318

# Property in Custody

| Incident Type: ASSAULT IV | | Case Number: 25-21359 |
|---|---|---|

| Item #: AH01 | Property Type: **Evidence** | Date Collected: **05/26/2025** |
|---|---|---|
| 411426 | Submitting Officer: HENDRIE, AYDEN (65356)<br>Recovery Address:<br>Recovery Location: | |
| PIC#: | Suspect: **EMMANUEL, ADEYINKA** | |

| Item Type: **DIGITAL PHOTOS** | Color: | |
|---|---|---|
| Make: | Qty/Weight: | Processing: |
| Model: | Measure: | |
| Caliber: | Size: | |
| Firearm Importer: | Drug Type: | |
| Firearm Type: | Value: | |
| Serial #: | Instructions: **HOLD AS EVIDENCE** | |
| | Additional Instructions: | |

| Additional Description: **PICTURES OF INJURY** |
|---|

SIMPLE ASSAULT-FELONY

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

CASE NUMBER
GO 41 2025-21359

| RELATED ARREST REPORT: AB# 660 | | | | |
|---|---|---|---|---|
| **ARRESTEE**<br>ADEYINKA, EMMANUEL ADEWALE | | **DOB**<br>08/02/1980 | **RELATED CD#**<br>75012 | **INTERPRETER NEEDED**<br>No |
| **ARREST DATE/TIME**<br>05/26/2025 1737 | **ARREST TYPE**<br>ARREST / BOOK | **STATUS**<br>CHARGED | | **REASON FOR ARREST**<br>PROBABLE CAUSE |
| **ARREST LOCATION**<br>▬▬▬▬▬▬▬ | | | | |
| **COUNTY**<br>MULTNOMAH | **DISTRICT (PPB PRECINCT)**<br>GR | **BEAT (PPB DISTRICT)**<br>112 | **GRID**<br>19520 | |
| **SUMMARY OF FACTS**<br>FELONY DV ASSAULT IV | | **ARMED WITH**<br>UNARMED | | |
| **ARRESTING OFFICER 1**<br>HENDRIE, AYDEN (65356) | | | | |
| **APPROVED BY**<br>GODFREY, RALPH A (43846) | **APPROVED DATE**<br>05/27/2025 | | | |

## *** END OF HARDCOPY ***

SIMPLE ASSAULT-FELONY

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

CASE NUMBER
**GO 41 2025-21359**

| ACTION TAKEN (NARRATIVE) | |
|---|---|
| AUTHOR<br>HENDRIE, AYDEN (65356) | DATE/TIME<br>05/26/2025 2145 |
| SUBJECT<br>ACTION TAKEN | |

***BODY-CAMERA FOOTAGE AVAILABLE***


SUMMARY:


I responded to a female unable to speak freely with 911 dispatchers at the Brookside apartments. I developed probable cause to arrest Emmanuel Adeyinka for DV strangulation, DV Assault IV felony, and DV Menacing.


MENTIONED:


GPD Officer Lagan


ACTION TAKEN:


The following is my recollection of the interactions I had with subjects on this call. The statements may not be in chronological order or verbatim. See body-camera footage for more.


On May 26th, 2025 at approximately 1715 hours, I was dispatched to a welfare check at the Brookside Apartments located at ███████████████████. Initial dispatch notes stated:


**FEM PRETENDING TO TALK TO A FRIEND, CONF SHE CAN'T TALK FREELY**


I arrived on scene at 1728 hours and requested that dispatch transfer the phone call between them and the victim to my phone. I answered the phone and heard a female on the other end who sounded scared and panicked. The female made comments about a male saying that he was going to kill her. I asked the female on the phone to use walking her dog as an excuse to come outside, but she repeatedly denied this saying she couldn't. I asked the female to unlock the door for us once myself and GPD Officer Lagan gained access to the building, which she did. I asked the female if she wanted us to come inside and she replied, "yeah". I asked if the male inside had hit her, and she said "yes". I ended the phone call and entered the apartment.


After speaking with the female on the phone once I arrived on scene, I realized that I had spoken with her before at the same apartment three days prior. On May 23rd, 2025 at approximately 0324 hours, I responded to a harassment call where a male (Brett Ekingsam) called in saying that his friend (Desiree Shepherd) had a restraining order against her ex

SIMPLE ASSAULT-FELONY

# Gresham Police Department
## DISTRICT ATTORNEY RELEASE

**CASE NUMBER**
GO 41 2025−21359

| PERSON - VICTIM #1 | | |
| --- | --- | --- |
| **NAME (LAST, FIRST MIDDLE)**<br>SHEPHERD, DESIREE ALLISON | **SEX**<br>Female | **RACE**<br>WHITE |

From: Emmanuel Adeyinka
10505 N Portland - R-18
Portland OR 97203

RECEIVED
AUG 2 9 2025
U.S. ATTORNEY
PORTLAND, OR

SCREENED

TO: Mark O. Hatfield United States
Courthouse.
1000 Southwest 3rd Avenue Room 401
Portland, OR 97204-2934

Retail


POSTAL SERVICE


97204

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
PORTLAND, OR 97217
AUG 27, 2025

$3.28
S2322T500599-12